**CALIFORNIA TAHOE REGIONAL PLANNING AGENCY et al, Plaintiffs,**

v.

**SAHARA TAHOE CORPORATION et al, Defendants.**

**Nos. CIV–R–79–0009–ECR, CIV–R–79–156–ECR.**

United States District Court, D. Nevada.

Aug. 8, 1980.

George Deukmajian, Atty. Gen., R. H. Connett, Asst. Atty. Gen., Joel Moskowitz and Daniel J. Taaffe, Deputy Attys. Gen., Sacramento, Cal., for California Tahoe Regional Planning Agency.

Richard G. Rypinski, Joseph C. Easley and Bruce A. Behrens, Sacramento, Cal., for California Dept. of Transportation and People of State of California.

Gary A. Owen, Zephyr Cove, Nev., for Tahoe Regional Planning Agency and members of Agency.

John Frankovich, Reno, Nev., for Sahara Tahoe Corp. Michael Smiley Rowe, Dist. Atty., for Douglas County.

### ORDER

EDWARD C. REED, Jr., District Judge.

Sahara Tahoe Corporation (Sahara), defendant in consolidated actions Numbered CIV–R–79–9–ECR and CIV–R–79–156–ECR, has filed a cross-claim in 79–9 and an identical third-party complaint in 79–156

against the Tahoe Regional Planning Agency (TRPA). As the lawsuits have been consolidated and the claims are identical, the outcome herein will be determinative of both.

The controversy arises out of action taken June 27, 1979, by the TRPA on an application submitted by Sahara requesting a permit to build a 2,100 car parking garage. The application before the TRPA, governing board, on that date, was identical to one it had previously acted upon on December 20, 1978. On this basis, the board treated the application as a request to reconsider the previous action. By dual majority, a motion was adopted not to reconsider the previous application. In this connection, the board also made a finding that the action taken December 20, 1978, was TRPA's final action on Sahara's parking garage project.

In its cross-complaint and in its third-party complaint, Sahara contends that the passage of a motion not to reconsider is not "final action" for the purposes of Article VI(k) of the TRPA Compact. Article VI(k) provides that whenever TRPA is required to review or approve any proposal, the agency

"... shall take final action, whether to *approve*, to *require modification* or to *reject* such proposal, within 60 days after proposal is delivered to the agency. If the agency does not take final action within 60 days, the proposal shall be deemed approved."

Sahara contends that since a motion not to reconsider is not approval, modification or rejection, the agency did not take final action as required by Article VI(k), and therefore the application must be deemed approved.

The matter is presently before the Court on the motion of TRPA to dismiss the cross-complaint and the third-party complaint for failure to state a claim upon which relief can be granted. F.R.C.P. 12(b)(6).

TRPA takes the position that its action on June 27, 1979, was indeed final action. In addition, TRPA contends that Sahara's complaint is barred by NRS 278.027 which imposes a 25-day statute of limitations upon actions attacking administrative decisions regarding the issuance of land use permits.

■ Although there is little authority as to what constitutes "final action" on the part of TRPA, what authority there is suggests that the Agency has reasonable discretion when carrying out its mandated duties. *Lakeside Community Hospital v. Tahoe Regional Planning Agency*, 461 F.Supp. 1150, 1154 (D.C.Nev.1978). Actions that it takes are entitled to considerable deference by the reviewing court. The Ninth Circuit Court of Appeals in *People of St. of Cal. Ex Rel Younger v. Tahoe Regional Planning Agency* suggests that the Agency's own construction of the Compact should be followed unless "there are compelling indications that it is wrong." 516 F.2d 215 (9th Cir. 1975).

The very nature of the body, a political subdivision independent of the states that conceived it, suggests that the agency should have inherent powers to adopt policies of review that best carry out its purposes. Article VI(a) of the Compact expressly gives the governing board such power.

■ A decision to deny reconsideration of a permit application, when prior action on an identical application came only after extensive hearing and deliberations, would not seem beyond the Agency's inherent powers. TRPA should be able to state at some point in time that action taken on a project is its final action. If TRPA were forced to have full rehearings on every application resubmitted, no matter how extensive the prior hearings, the Agency would end up hopelessly trapped on a carousel. No action ever taken would be final; it would be impossible for the agency to carry out its mandate to effect orderly land use in the Tahoe region.

Such a result is undesirable and unnecessary. The Court therefore concludes that when on June 27, 1979, TRPA treated Sahara's second application for a parking garage as a request to reconsider previous action and then denied such request, it took final action within the meaning of Article VI(k).

Because the Court decides that the case merits dismissal on the merits, it need not reach the procedural claim that Sahara's cross-claim is barred by the statute of limitations.

IT IS, THEREFORE, HEREBY ORDERED that Sahara's cross-claim in 79–9 and third party complaint in 79–156 against TRPA are dismissed.